IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RENEE BJORN and WILLIAM GRAF, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> JERRY ERWIN ASSOCIATES, INC., d/b/a JEA Senior Living, and CYPRESS KANSAS CITY OPERATIONS, LLC, d/b/a Cypress Springs - Kansas City, <br><br> Defendants. | CASE NO. 2:13-CV-02419-JWL-JPO |

## AGREED PROTECTIVE ORDER

Upon stipulation by Plaintiffs Renee Bjorn ("Bjorn") and William Graf ("Graf") (collectively "Plaintiffs") and Defendants Jerry Erwin Associates, Inc. ("JEA") and Cypress Kansas City Operations, LLC ("Cypress") (collectively "Defendants") (jointly "the Parties"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, request entry of a protective order to ensure and maintain the confidentiality or privileged nature of certain documents to be produced by the Parties.

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this Proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because confidential, private, personnel information related to non-party current and former employees may be exchanged, along with Defendants' confidential financial and proprietary information.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' joint request and it is hereby **ORDERED:**

1. **Confidential Information.** As used in this Order, the term "Confidential Information" shall be applicable to any document[1] designated as such when produced by the Parties, and limited to:

A. "Financial Records" of the parties, which term shall refer to: (1) tax returns; (2) financial statements; (3) salary or payroll information, records or schedules; (4) records pertaining to bank accounts; and (5) any other records or statements containing financial information of the parties and/or employees. Information readily available to the public is excluded from this definition.

B. "Personnel Records," which term shall refer to files or records relating to Defendants' employees and personnel or employment matters of current or former employees, including the following: (1) personnel files; (2) personal or employment history information; (3) performance evaluations; (4) disciplinary records; (5) information relating to pay and/or fringe benefits; and (6) any other information containing personal identifiers, medical information, and/or financial information pertaining to Defendants' current or former employees.

---

[1] For purposes of this Order, "document" is defined broadly to include any document, writing, paper, tangible thing, discovery response, transcript of oral testimony, or recorded statement, whether printed or recorded or reproduced by any other mechanical process (i.e. electronically stored information), or written or produced by hand, and the content of any such document, writing, paper, thing, transcript, answer or statement, that any party reasonably believes contains Confidential Information.

2

O:\ORDERS\13-2419-JWL-PO.docx

C. The internal policies and practices of Defendants and all affiliated entities which are not currently available to the public, excluding Defendants' employee handbook and other widely disseminated policies which have not previously been treated as confidential.

D. Documents disclosing the identities of Defendants' residents or disclosing information about Defendants' residents not generally known to the public.

The producing party shall designate such information as protected under this Order by marking the documents as "CONFIDENTIAL" or through term(s) conveying substantially the same meaning.

2. **Clawback Agreement: Privileged Material.** The Parties recognize that some documents and ESI[2] produced in this litigation may inadvertently contain information not subject to discovery under the Federal Rules of Civil Procedure, including (i) attorney-client privileged communications and other information protected as "privileged" under the Federal Rules of Evidence ("**Privileged Material**"); or (ii) attorney work-product material prepared or compiled in anticipation of litigation ("**Work-Product Material**") (collectively "**Protected Material**"). The Parties acknowledge that some **Protected Material** may be inadvertently disclosed to the other Party during the course of this litigation. Therefore, the Parties agree that the inadvertent disclosure of any document or ESI which is subject to a legitimate claim that the document or ESI should have been withheld from disclosure as "**Protected Material**" shall **NOT** waive any privilege or other applicable protective doctrine for that document or ESI, nor for the subject matter of the inadvertently disclosed document or ESI, if the Party which made

---

[2]"ESI" means electronically stored information.

3

O:\ORDERS\13-2419-JWL-PO.docx

the production, upon becoming aware of the disclosure, promptly requests its return and takes reasonable precautions to avoid such inadvertent disclosure. The following procedures shall apply:

    a.    **Prompt Return.** Except in the event that the Party that received ("Receiving Party") the Protected Material disputes the claim pursuant to Paragraph 2(c), any documents which the producing Party ("Producing Party") deems to contain inadvertently disclosed Protected Material shall be, upon written request, promptly returned to the Producing Party at the Producing Party's option. For this Paragraph 2(a), "prompt return" means within five (5) days of receiving the notification. This includes all copies, electronic or otherwise, of any such documents.

    b.    **Property Rights.** Any Protected Material inadvertently disclosed by the Producing Party to the Receiving Party pursuant to this Agreement shall be and remain the property of the Producing Party.

    c.    **Dispute.** In the event that the Receiving Party disputes, in writing, the Producing Party's claim as to the protected nature of the inadvertently disclosed material, a single set of copies may be sequestered and retained by and under the control of the Receiving Party's Attorney for the sole purpose of seeking court determination of the issue pursuant to Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. If the Receiving Party does not seek a court determination within thirty (30) business days of the written request for return, it must follow the Prompt Return provisions of Paragraph 2(a) for the retained set of copies.

3.    **Designation Disagreements as to Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

4

O:\ORDERS\13-2419-JWL-PO.docx

4.  **Disclosure of Confidential Information.**  Except upon further Order of this Court or by express written consent of counsel for the Parties, Confidential Information furnished in this action by any of the Parties shall not be disclosed to any person other than:

(a) The parties to this litigation, including any employees, agents, and representatives of the parties;

(b) Counsel for the parties and employees and agents of counsel;

(c) The court and court personnel, including any special master appointed by the court, and members of the jury;

(d) Court reporters, recorders, and videographers engaged for depositions;

(e) Any mediator appointed by the court or jointly selected by the parties;

(f) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed a certification to be bound by this Order;

(g) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed a certification to be bound by this Order;

(h) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(i) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(j) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

5. **Obtain Acknowledgement.** Prior to disclosure of any Confidential Information to any person identified in Paragraph 4(f) and 4(g) such person shall be given a copy of this Order and shall certify a sworn statement (Attachment A) that he/she has read and understands this Order, agrees to comply with its terms and, only for the purpose of securing compliance with its terms, irrevocably submits his/her person to the jurisdiction of this Court. The party providing Confidential Information to such person shall hold the signed statement of each such person. Except for any persons identified in Paragraph 4(f), such statements shall be produced to counsel for the opposing party upon written demand.

6. **Use of Confidential Information.** Confidential Information shall be used only in connection with these proceedings, and any appeals arising therefrom, until such time as any judgment is fully satisfied. Confidential Information shall not be used for any purpose other than in connection with this case and any appeals arising therefrom. No Confidential Information shall be disclosed to any other person, party, entity, agency, print or electronic media, or anyone outside of this proceeding, for any purpose, other than as set forth in this Order. Nothing in this Order shall prevent a party from using any Confidential Information and/or materials at depositions, trial or during a hearing. However, the party which produced such information and/or materials may request that the portion of the proceeding where use thereof is made shall be sealed and that the transcript of that portion of the proceeding be maintained under seal.

7. **Maintaining Confidentiality.** The recipient of any Confidential Information provided pursuant to this Order shall maintain such information in a secure and safe area. The recipient shall take care that any such information or the content of such information, or notes and memoranda relating thereto, not be disclosed to anyone other than qualified persons.

8. **Filing Confidential Information.** If any Confidential Information is filed with the Court as a part of a motion, brief, or related matter (unless otherwise agreed by the Parties or ordered by the Court) that information shall be filed separately in accordance with this Court's ECF procedures applicable to confidential information. Any confidential documents or pleadings filed under seal shall be deemed filed as of the date the party requests leave to file them under seal.

9. **Confidential Information in Depositions.** The Parties (and deponents) may, within a reasonable time after receiving the transcript of a deposition, designate pages of the transcript (and exhibits thereto) as "CONFIDENTIAL." Confidential Information within the deposition transcript may be designated by a letter to opposing counsel indicating the portions of the transcript that are confidential. If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits (other than those previously designated) will be treated as confidential. There shall be no need to re-designate documents or exhibits which have been previously designated as confidential.

10. **Subject to Court's Jurisdiction.** Each person to whom disclosure of all or part of the aforesaid Confidential Information is made agrees to subject himself/herself to the jurisdiction of this Court for the purpose of proceedings relating to the performance under, compliance with, or violation of this Agreed Protective Order.

11. **Designation Errors.** If, through inadvertence, a producing party provides or produces any information pursuant to this litigation without marking the information as "CONFIDENTIAL," or improperly marks a type of confidential information as another type of confidential information, the producing party may subsequently inform the receiving party of the improper marking, the nature of the disclosed information improperly marked, and the manner in

7

which the improperly marked information should have been marked, and the receiving party shall treat the disclosed information as if it had been properly marked upon receipt of written notice from the producing party, to the extent the receiving party has not already disclosed this information, and shall collect from any persons no longer entitled to access such information any copies of documents containing such information, determine to whom the information has been disclosed, and inform such persons that the information should no longer be used by them and report these activities to the producing party within fifteen (15) calendar days of receiving notice from the producing party of the confidential nature of the information.

12. **Confidential Information at Trial.** Subject to the rules of evidence, Confidential Information may be offered in evidence at trial or any Court hearing, provided that the proponent of the evidence has indicated on any Exhibit List any proposed exhibits that are designated as Confidential Information. Any party may move the Court for an Order that the Confidential Information be received *in camera* or under such other conditions as are necessary to prevent disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection may be afforded such information at the trial. Under no circumstances shall any jury be advised that certain information has been designated "Confidential Information."

13. **Return of Confidential Information.** Upon the final determination of this action, including the expiration of time for any further appeals, whether by a fully satisfied judgment, settlement, or otherwise, and a request from the opposing party:

   a. Counsel of record for each party receiving Confidential Information shall return to the designating party, or destroy, all such documents containing Confidential Information and all notes, memoranda, copies, abstracts, excerpts, or other parts within sixty (60) days, except that all materials constituting work product of such counsel shall be destroyed by the party in possession;

b. All persons who received any Confidential Information shall return to the producing party (or to counsel) all copies of Confidential Information that are in the possession of such person(s), together with all notes, copies, abstracts, excerpts, memoranda, or other parts, and counsel for the designating party shall dispose of the documents and things in accordance with Paragraph 13(a); and,

c. Counsel of record for each party shall confirm in writing that all Confidential Information together with all notes, copies, abstracts, memoranda, excerpts, or other parts, have been returned to the producing party or destroyed in accordance with the terms of Paragraphs 13(a) and 13(b) above.

14. **No Admission.** Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, transcript, or other information.

15. **Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the court their written agreement to be bound by the provision of this Order.

16. **Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

**IT IS SO ORDERED.**

Dated November 26, 2013.

                                                s/ James P. O'Hara
                                              James P. O'Hara
                                              U.S. Magistrate Judge

**WE SO STIPULATE, and agree to abide by the terms of this Order**

| | |
|---|---|
| s/ Tracey F. George | s/ Joshua C. Dickinson |
| Rowdy B. Meeks, Bar Number 16068 | Joshua C. Dickinson, Bar Number 20732 |
| Tracey F. George, Bar Number 77967 | Bryant T. Lamer, Bar Number 22722 |
| Rowdy Meeks Legal Group LLC | Spencer Fane Britt & Browne LLP |
| 10601 Mission Road, Suite 100 | 1000 Walnut Street, Suite 1400 |
| Leawood, Kansas 66206 | Kansas City, MO 64106-2140 |
| Telephone: (913) 766-5585 | Telephone: (816) 474-8100 |
| Facsimile: (813) 875-5069 | Facsimile: (816) 474-3216 |
| E-mail:  rowdy.meeks@rmlegalgroup.com | E-mail: jdickinson@spencerfane.com |
|          tracey.george@rmlegalgroup.com |         blamer@spencerfane.com |

*Attorneys for Plaintiffs*

and

Brenda K. Baumgart (*admitted pro hac vice*)
Todd A. Hanchett *(admitted pro hac vice)*
Andrea H. Thompson *(admitted pro hac vice)*
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480
E-mail:  bkbaumgart@stoel.com
         tahanchett@stoel.com
         ahthompson@stoel.com

*Attorneys for Defendants*

# ATTACHMENT A

## ACKNOWLEDGMENT
## AND
## AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the case captioned, *Renee Bjorn, et al. v. Jerry Erwin Associates, Inc., et al.*, Case No. 2:13-cv-02419-JWL-JPO, and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____     _____
                              Signature